IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| RIVERWALK HOLDINGS, LED, | CASE NO. 5:12-cv-05748 EJD |
| Plaintiff(s), | **ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |
| v. | |
| ANTHONY V. GUANCIONE, III, | [Docket Item No(s). 15] |
| Defendant(s). | |

## I. INTRODUCTION

Defendant Anthony V. Guancione, III ("Defendant") removed the instant state-court collections action to this court on November 8, 2012. See Docket Item No. 1. Presently before the court is Plaintiff Riverwalk Holdings, LED's ("Plaintiff") Motion to Remand this case to the state court from which it originated. See Docket Item No. 15. Defendant has not filed written opposition to the motion and the time for filing such opposition has expired. Accordingly, the court finds this matter suitable for disposition pursuant to Civil Local Rule 7-1(b). The hearing previously scheduled for February 15, 2013, will vacated and, for the reasons stated below, Plaintiff's motion will be granted.

## II. DISCUSSION

### A. This Action Must be Remanded

Plaintiff argues that this case must be remanded for both substantive and procedural reasons. The court agrees.

1

CASE NO. 5:12-cv-05748 EJD
ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

The court begins with the substance, which requires a review of the purported jurisdictional basis. Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also, e.g., Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b). It falls upon the removing defendant to show the basis for federal jurisdiction. Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 (9th Cir. 1990). Removal jurisdiction statutes are strictly construed against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108 (1941).

When removal is based on the presence of a federal question, the court looks to the face of a well-pleaded complaint to determine whether a cause of action is created by federal law or whether the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law. Christianson v. Colt Indus. Operating Corp., 486 U.S. 800, 808 (1988) (citing Franchise Tax Bd. of California v. Constr. Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983)). "[I]t must be clear from the face of the plaintiff's well-pleaded complaint that there is a federal question." Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996). The complaint as it existed at time of removal dictates whether removal jurisdiction is proper. Libhart, 592 F.2d at 1065.

Here, the original form complaint asserts only a common counts cause of action based entirely in state law. That being the case, a federal question does not appear from the face of the complaint, and jurisdiction cannot be supported under 28 U.S.C. § 1441(a). Nor can a federal question arise from any actual or anticipated cross-claims and counterclaims since those claims are not contained in the original complaint. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987)

(holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense).

In addition, Defendant has not met his burden to demonstrate the existence of diversity jurisdiction. As the complaint plainly reveals, the amount demanded in this collections action is $7,517.79 - far from the $75,000.00 required to support removal under 28 U.S.C. § 1441(b). And despite the requirement that he do so, Defendant did not explain why some amount other than that demanded in the complaint should be utilized as a basis for federal jurisdiction. See 28 U.S.C. § 1446(c)(2).

What Defendant actually did include in the Notice of Removal is, for the most part, either indecipherable or irrelevant. Just as he and his presumed relations have done in other legal actions, Defendant persists in claiming that he is a maritime trust immune from the jurisdiction of the state courts under the Eleventh Amendment. See Guancione v. Santa Clara Univ., No. C 09-02894 RS, 2009 U.S. Dist. LEXIS 108149, 2009 WL 4015498 (N.D. Cal. Nov. 19, 2009); Wachovia Mortg. FSB v. Guancione, No. C09-06029 HRL, 2010 U.S. Dist. LEXIS 21, 2010 WL 55883 (N.D. Cal. Jan 4, 2010); Guancione v. Stumpf, No. 2:10-cv-1123 JAM DAD PS, 2011 U.S. Dist. LEXIS 106287, 2011 WL 4374989 (E.D. Cal. Sept. 19, 2011); In re Guancione, No. C-12-3910 EMC, 2012 U.S. Dist. LEXIS 133390, 2012 WL 4120243 (N.D. Cal. Sept. 18, 2012). But whether or not Defendant's claim of individual sovereignty is true, Defendant has nonetheless failed to establish a basis for federal jurisdiction based on the laws of admiralty in order to support federal jurisdiction under 28 U.S.C. §§ 1333 or 1356. This is only a collections case, after all.

The other statutes cited by Defendant - 28 U.S.C. § 1334 and 18 U.S.C. §§ 472, 473 and 474 - are similarly unavailing. This case does not involve bankruptcy issues, counterfeit crimes, or the printing of money.

On procedure, Plaintiff is correct that the removal was untimely. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). It is well-established that the thirty-day

removal period begins when a defendant is formally served with a copy of the complaint. Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 353-54 (1999). Here, Defendant was served with process on February 27, 2012, according to the Proof of Service of Summons filed in state court of which this court takes judicial notice. The thirty-day period for removal had long since expired when Defendant removed the action on November 8, 2012.

Since Defendant has neither demonstrated a valid basis for federal jurisdiction nor complied with the applicable procedural requirements for removal, this case must be remanded.

### B. Plaintiff Will be Awarded Fees

Plaintiff has requested an award of fees in connection with this motion. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Since "[t]he process of removing a case to federal court and then having it remanded back to state court delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources," requiring the payment of fees and costs is appropriate where "the removing party lacked an objectively reasonable basis for seeking removal." Martin v. Franklin Capital Corp., 546 U.S. 132, 140-41 (2005). The Ninth Circuit has explained that "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." Lussier v. Dollar Tree Stores, Inc., 518 F. 3d 1062, 1065 (9th Cir. 2008). Instead, the objective reasonableness of a removal depends on the clarity of the applicable law and whether such law "clearly foreclosed" the arguments in support of removal. Id. at 1066-67.

It is without doubt that Defendant lacked an objectively reasonable basis to remove this action. As already explained, Plaintiff not only ignored proper removal procedure, he also failed to present a valid jurisdictional basis in the Notice of Removal and thereafter failed to make any effort to oppose this motion in order to defend his conduct. As such, the court can only conclude that this case was removed solely to delay the underlying state-court proceeding and force Plaintiff to expend additional time and fees to put the case back on track. The court will not countenance such frivolous behavior, especially when the precise purpose of § 1447(c) is to prevent such tactics. An award of fees and costs is therefore appropriate here.

In his declaration, Plaintiff's counsel states that fees of $825.00 were incurred to prepare this motion, which amounts to three hours of time at an hourly rate of $275.00. The court finds this amount appropriate and will order Defendant to bear that cost.

### III. ORDER

Based on the foregoing, Plaintiff's Motion to Remand (Docket Item No. 15) is GRANTED. This entire action, including all counter or cross-claims, is REMANDED to Santa Clara County Superior Court.

Plaintiff's request for fees pursuant to 28 U.S.C. § 1447(c) is also GRANTED in the total amount of $825.00, which Defendant is ordered to pay forthwith.

The hearing previously scheduled for February 15, 2013, is VACATED. The clerk shall close this file.

**IT IS SO ORDERED.**

Dated: January 4, 2013



EDWARD J. DAVILA
United States District Judge